UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL SARGENT, individually )
and on behalf of all those similarly )
situated, )
 )
   Plaintiff, )
 )
    vs. ) CAUSE NO.  1:08-cv-1464-WTL-JMS
 )
ST. VINCENT HOSPITAL AND HEALTH )
CARE CENTER, INC., )
 )
   Defendant. )

## ENTRY ON PETITION FOR PERMISSION TO APPEAL

    This cause is before the Court on the Defendant's Petition for Permission to Appeal in

which the Defendant seeks leave to appeal this Court's recent ruling denying its motion to

dismiss for lack of subject matter jurisdiction.  The Plaintiff has responded to the petition; the

Defendant has not filed a reply in support of the petition, and the time for doing so has expired.

The Court, being duly advised, **DENIES** the Defendant's request.

    A request for leave to pursue an interlocutory appeal is governed by 28 U.S.C.A. §

1292(b), which provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.

In this case, the Court does not believe that there is "substantial ground for difference of

opinion" with regard to the issues raised in the Defendant's motion to dismiss.  The Defendant

argued in that motion, and continues to argue, that this case is barred by the *Rooker-Feldman*

doctrine.  It is not.  As the Supreme Court has explained, *Rooker-Feldman* "is a narrow doctrine,

confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citation and internal quotation marks omitted). That is simply not the situation here. The Plaintiffs in this case were not "state-court losers"; the state-court cases against them were dismissed. The Plaintiffs are not complaining of any injury caused by the state courts' judgments; presumably they were quite happy that the state courts dismissed the cases against them. Neither are the Plaintiffs asking this Court to review and reject the state courts' judgments; again, the Plaintiffs' were not displeased with those judgments. Rather, in this case the Plaintiffs allege that the Defendant's violated a federal statute by bringing the state court actions to begin with (or, more accurately, by causing them to be brought). This case simply does not fit within the narrow boundaries of the *Rooker-Feldman* doctrine.

     SO ORDERED:   08/05/2009

                                                *William T. Lawrence*

                                            Hon. William T. Lawrence, Judge
                                            United States District Court
                                            Southern District of Indiana

Copies to all counsel of record via electronic notification